UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD KIRK BROWN,                          Case No. 09-14211

        Plaintiff,                          Lawrence P. Zatkoff
vs.                                         United States District Judge

CO HARRINGTON, *et al.*,                    Michael Hluchaniuk
                                            United States Magistrate Judge

        Defendants.
_____/

## REPORT AND RECOMMENDATION
## MOTION FOR SUMMARY JUDGMENT (Dkt. 30)

## I.    PROCEDURAL HISTORY

This is a prisoner civil rights action filed on September 24, 2009 in the

Western District of Michigan and subsequently transferred to this Court on

October 27, 2009. (Dkt. 1). Plaintiff alleges that defendants violated his rights

under the United States Constitution. On February 18, 2010, this case was referred

to the undersigned for all pretrial purposes by District Judge Lawrence P. Zatkoff.

(Dkt. 23). On May 14, 2010, defendant Sheets-Parsons filed a motion for

summary judgment. (Dkt. 30). Plaintiff filed a response on June 10, 2010. (Dkt.

32). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that

defendant's motion for summary judgment be **GRANTED** and plaintiff's

complaint against defendant be **DISMISSED** with prejudice.

## II.     FACTUAL BACKGROUND

According to plaintiff's complaint, on February 6, 2009, defendant Shaheen refused plaintiff access to the law library to file his case with the Michigan Supreme Court, refused to make copies, or to notarize his documents.  (Dkt. 1, p. 4).  Plaintiff apparently attempted to resolve the issue with defendant Sheets-Parsons, the grievance coordinator, who, according to plaintiff "refused to help." Plaintiff then alleges that defendant Sheets-Parsons told defendant Shaheen about his complaint and Shaheen told plaintiff that he was "in big trouble" and made threats regarding interference with his pending litigation and physical harm. Plaintiff alleges that he was subsequently assaulted by a correctional officer pursuant to the instruction of defendant Shaheen.  *Id*.  Plaintiff alleges that he wrote another grievance against defendant Shaheen and officer Harrington, but that defendant Sheets-Parsons threw it away.  (Dkt. 1, p. 5).  Plaintiff also says he submitted various kites to the library, along with filing a grievance and a letter to the warden about the threats and interference by staff.  According to plaintiff, K. Best instructed defendant Sheets-Parsons to throw away all of his grievances.  *Id*. Plaintiff also asserts that Best told Katy Hollenbeck to refuse to make copies of any complaints made against employees and to refuse access to the law library.  (Dkt. 1, p. 8).

Plaintiff attached several documents relating to the criminal appeal that is the subject of his civil rights complaint. (Dkt. 1). The Michigan Court of Appeals affirmed his conviction on November 24, 2008. (Dkt. 1-2, p. 4). Plaintiff was required to file an application for leave to appeal with the Michigan Supreme Court within 56 days of the Court of Appeals order. The deadline was January 19, 2009. On February 20, 2009, plaintiff apparently sent a written inquiry to the Court of Appeals regarding whether the Michigan Supreme Court would accept a late filing of an application for leave to appeal. (Dkt. 1-2, p. 5). On March 3, 2009, the Court of Appeal responded, indicating that plaintiff would have to inquire with the Supreme Court. *Id*. The Michigan Supreme Court received plaintiff's application for leave to appeal on March 2, 2009. (Dkt. 1-2, p. 4). On March 9, 2009, the Michigan Supreme Court rejected plaintiff's application for leave to appeal because it was untimely and no exceptions to the time limitation are provided for in the Michigan Court Rules. (Dkt. 1-2, p. 2).

## III.  PARTIES' ARGUMENTS

Defendant argues that her refusal to notarize legal papers or to make photocopies did not violate plaintiff's constitutional right to access the courts. Defendant also argues that she did not violate plaintiff's constitutional rights by rejecting a duplicative grievance. With respect to plaintiff's claim that defendant threw away grievances, defendant claims that she is entitled to summary judgment

because plaintiff offers no evidence to support this allegation, did not utilize an alternative remedy – filing a complaint with Internal Affairs – and thus did not exhaust his administrative remedies. Finally, defendant argues that she is entitled to qualified immunity.

In response, plaintiff argues that defendant refused him all access to the law library to have his photocopies made for a matter pending in the Michigan Supreme Court. Plaintiff also asserts that defendant is, in fact, a notary public. Plaintiff contends that he complained verbally to defendant and was met with the threatened words of her staff. Plaintiff claims that the rejection of his grievance by defendant violated his constitutional rights because she was "covering up" for her coworkers. Plaintiff asserts that he filed complaints with Internal Affairs "about the problems at St. Louis" but that defendant Best ordered the documents to be thrown out.

## IV. ANALYSIS AND CONCLUSIONS

### A. Standard of Review

As recently stated by the Sixth Circuit:

> Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2). In considering a motion for summary judgment, we must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether

the evidence presents a sufficient disagreement to require
submission to a jury or whether it is so one-sided that one
party must prevail as a matter of law." *Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Spees v. James Marine, Inc.*, 617 F.3d 380, 388 (6th Cir. 2010).

B.    Denial of Access Courts

To succeed on a cause of action under 42 U.S.C. § 1983, two essential

elements are required: (1) there must be conduct committed by a person acting

under color of state law, and (2) the conduct must deprive the plaintiff of rights,

privileges or immunities secured by the Constitution or laws of the United States.

42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527 (1981); *Gomez v. Toledo*, 446

U.S. 635, 640 (1980); *Jones v. Duncan*, 840 F.2d 359, 361-62 (6th Cir. 1988).  If

either element is missing, then a claim under § 1983 fails.  *Christy v. Bandlett*, 932

F.2d 502, 504 (6th Cir. 1991).  In the present case, there is no challenge to the

claim that defendant acted under color of state law.

In *Lewis v. Casey*, 518 U.S. 343, 355 (1996), the United States Supreme

Court explained the limits on the fundamental constitutional right of access to the

courts by prison inmates:

> ... *Bounds* [*v. Smith*, 430 U.S. 817 (1977)] does not
> guarantee inmates the wherewithal to transform
> themselves into litigating engines capable of filing
> everything from shareholder derivative actions to
> slip-and-fall claims. The tools it requires to be provided
> are those that the inmates need in order to attack their

> sentences, directly or collaterally, and in order to
> challenge the conditions of their confinement.
> Impairment of any other litigating capacity is simply one
> of the incidental (and perfectly constitutional)
> consequences of conviction and incarceration.

In his concurring opinion in *Lewis*, Justice Thomas quoted favorably from *Hatfield v. Bailleaux*, 290 F.2d 632, 637 (9th Cir. 1961): "[A]ccess to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." *Lewis*, 518 U.S. at 384; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (A prisoner's right to access the courts extends only to "direct appeals [of their criminal convictions and sentences], habeas corpus applications, and civil rights claims.").

A "plaintiff must present evidence that the defendants' actions actually rendered any available state court remedy ineffective." *Flagg v. City of Detroit*, 447 F.Supp.2d 824, 830-31 (E.D. Mich 2006), quoting, *Swekel v. City of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997). An inmate claiming that he was denied access to the courts must show that he suffered an actual litigation-related injury or legal prejudice *because of* the actions of the defendant. *Lewis*, 518 U.S. at 349-51. In this case, plaintiff claims that defendant's actions on February 6, 2009 caused his application for leave to appeal with the Michigan Supreme Court to be delayed and ultimately, rejected. However, on February 6, 2009, plaintiff's

application for leave to appeal was already long overdue, given that the deadline

for its filing was January 19, 2009. Thus, even if defendant's actions had caused

*additional* delay, there was no violation of plaintiff's constitutional rights because

defendant's actions did not cause the application for leave to appeal to be late.

Thus, summary judgment on plaintiff's claimed denial of access to the courts by

defendant should be granted.

In addition, defendant offers admissible evidence via affidavit that she did

not throw away any grievances submitted by plaintiff. (Dkt. 30). In response,

while plaintiff alleges that he submitted additional grievances and that they were

thrown away, he offers no admissible evidence to support these allegations.[1]

Simply, plaintiff offers no evidence to support his claim that additional grievances

were ever submitted and offers no details about the claims allegedly grieved and

the persons against whom he filed the grievances that he alleges were "thrown

---

[1] In accordance with Rule 56(e), the Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993). Thus, in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents, *Id.*, unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969 (6th Cir. 1991), inadmissible expert testimony, *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-226 (6th Cir. 1994). Thus, "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Id.*, quoting, *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citation and quotation marks omitted).

away."  Plaintiff cannot create a genuine issue of material through bare allegations,

unsupported by any admissible evidence.  *See e.g.*, Lowe *v. Clift*, 2007 WL

2112672, *11 (E.D. Tenn. 2007) ("Plaintiff's reliance on bare allegations is not

sufficient to create an issue of material fact or otherwise defeat a summary

judgment motion.").  In light of the evidence presented by defendant and the lack

of evidence presented by plaintiff, the undersigned concludes that summary

judgment in defendant's favor is appropriate.[2]

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant

Sheets-Parsons' motion for summary judgment be **GRANTED** and plaintiff's

complaint against defendant be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

---

[2] Given the foregoing conclusions, the additional arguments raised by
defendant need not be addressed.

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 26, 2010                              s/Michael Hluchaniuk
                                                    Michael Hluchaniuk
                                                    United States Magistrate Judge

# CERTIFICATE OF SERVICE

     I certify that on October 26, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>A. Peter Govorchin</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Ronald Kirk Brown #181534 , MICHIGAN REFORMATORY, 1342 West Main Street, Ionia, MI 48846</u>.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
