UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RONALD KIRK BROWN, | Case No. 09-14211 |
| Plaintiff, | Lawrence P. Zatkoff |
| vs. | United States District Judge |
| CO HARRINGTON, *et al.*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**FAILURE TO PROSECUTE AND MOTION TO DISMISS (Dkt. 36)**

**I.   PROCEDURAL HISTORY**

This is a prisoner civil rights action filed on September 24, 2009 in the Western District of Michigan and subsequently transferred to this Court on October 27, 2009. (Dkt. 1). Plaintiff alleges that defendants violated his rights under the United States Constitution. On February 18, 2010, this case was referred to the undersigned for all pretrial purposes by District Judge Lawrence P. Zatkoff. (Dkt. 23).

On October 25, 2010, defendants filed a motion to dismiss or for summary judgment. (Dkt. 36). The Court ordered plaintiff to respond by December 10, 2010. (Dkt. 38). That Order also provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the**

**moving party**." (Dkt. 38) (emphasis in original).  Plaintiff neither filed a response, nor made any attempt to seek an extension.  The Court ordered plaintiff to show cause in writing why this matter should not be dismissed for failure to prosecute under Rule 41(b).  (Dkt. 44).  The show cause order provided that failure to timely and adequately respond in writing by May 27, 2011 would result in a recommendation of dismissal of plaintiff's case.  The deadline for a response has come and gone and plaintiff has not filed anything with the Court.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** for failure to prosecute and that defendants' motion to dismiss or for summary judgment be **DENIED** as moot.

## II.    ANALYSIS AND CONCLUSION

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991).  Further, "a district

court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of

dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff that his case that dismissal or summary judgment in defendants' favor would be granted if he failed to file a response and that failure to comply with the show cause order would result in an order recommending dismissal. (Dkt. 38, 44). Thus, this factor weighs in favor of dismissal. With

respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's repeated failure to file responses as ordered, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Here, plaintiff repeatedly failed to comply with orders of the court. Under the circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

## III.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** for failure to prosecute and that defendants' motion to dismiss or for summary judgment be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 1, 2011                                    s/Michael Hluchaniuk
                                                      Michael Hluchaniuk
                                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 1, 2011 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: A. Peter Govorchin, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Ronald Kirk Brown #181534 , EARNEST C. BROOKS CORRECTIONAL FACILITY, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

                                                      s/Tammy Hallwood
                                                      Case Manager
                                                      (810) 341-7887
                                                      tammy_hallwood@mied.uscourts.gov